**In re Eric O. HESS, Debtor,**

**Eric O. Hess, Debtor–Appellant,**

v.

**Andrew Mastrodonato, Claimant–Appellee.**

**Docket No. 01–5084.**

United States Court of Appeals,
Second Circuit.

Aug. 22, 2002.

David D. MacKnight, Lacy, Katzen, Ryen & Mittleman, LLP, Rochester, NY, for Debtor–Appellant.

Andrew Mastrodonato, pro se, Spencerport, NY, for Claimant–Appellee.

PRESENT: JACOBS, CABRANES and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Eric O. Hess ("Hess") appeals from a judgment of the United States District Court for the Western District of New York (Larimer, C.J.), affirming the decision of the United States Bankruptcy Court for the Western District of New York (Ninfo, C.J.) denying Hess discharge of a debt, owed to Andrew Mastrodonato ("Mastrodonato"), pursuant to section 523 of Title 11 of the Bankruptcy Code, 11 U.S.C. § 523.

We affirm for substantially the reasons stated in the district court's opinion. *See Hess v. Mastrodonato,* 00–CV–6508L (W.D.N.Y. Nov. 19, 2001).

On appeal, Hess argues (1) that the Bankruptcy Court's findings of fact were clearly erroneous, and (2) that Mastrodonato's lawyer in the underlying transaction was negligent in advising Mastrodonato to loan funds to Hess, that the lawyer's subsequent undertaking to fund collection efforts in an amount up to $10,000 and to provide his own services to those efforts constitute a tortfeasor's "contribution" to Mastrodonato's loss, and that therefore New York General Obligations Law 15–108 ("GOL 15–108") requires that Hess's debt to Mastrodonato be reduced by the value of the lawyer's cash and services.

The district court concluded that there was no support for Hess's GOL 15–108 claim in any recorded case. None has been cited to us. Moreover, the lawyer's contributions to Mastrodonato's collection efforts would have been zero if Hess had paid the debt, and therefore (as a matter of arithmetic) these contributions cannot be said to have reduced the loss on the claim itself.[1]

---

1. The Bankruptcy Court's discussion of the amount of debt that is nondischargable references "application" of a payment from the lawyer to Mastrodonato. *See Hess v. Mastro-donato,* 99–22144, at 8 (Bankr.W.D.N.Y. Aug. 18, 2000). As to that contribution, if it is a contribution under GOL 15 108, no appeal has been taken by Mastrodonato.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**